## Commonwealth v. Mapel

Before Gibson, P. J., Carson and Cummins, JJ.

*Harold V. Fergus*, for plaintiff.

*David H. Weiner*, for defendant.

CUMMINS, J., April 20, 1953.—On July 7, 1952, as a result of a motor accident, judgment was entered in Fayette County against William H. Mapel in the amount of $2,500. The accident occurred on March 27, 1941. On September 8, 1952, the Prothonotary of Fayette County, pursuant to section 12 of the Motor Vehicle Safety Responsibility Act of June 1, 1945, P. L. 1340, as amended, 75 PS §1277.12, forwarded a certified copy of such judgment to the Secretary of Revenue.

The aforementioned act provides:

"Whenever any person fails within sixty days to satisfy any judgment, it shall be the duty of the clerk of the court or of the judge of the court, which has no clerk, in which any such judgment is rendered within this State, to forward to the secretary immediately

after the expiration of said sixty days, a certified copy of such judgment."

On September 30, 1952, the secretary, in pursuance of the mandatory provision of section 12 (75 PS §1277.13), notified Mapel that all current Pennsylvania registrations in his possession and his 1952 operator's license were indefinitely suspended as of September 30, 1952, for the following reasons:

"Failure to satisfy judgment awarded by the court of Fayette County and file proof of financial responsibility. Section 13 of Act 433 (1945), as amended by Act 381 (1949)."

Section 13 provides:

"(a) The secretary, upon receipt of a certified copy of a judgment, shall forthwith suspend the license and registration of any resident operator or owner, . . ."

The act mentions certain exceptions which can be briefly generalized as follows:

1. Judgment creditor consents in writing to the contrary.

2. Judgment debtor files a bond or insurance policy.

3. Judgment debtor applies to the court entering the judgment and gets an order permitting the judgment to be paid in installments.

In the present case, the judgment was entered in Fayette County and, at least at the time of the suspension, Mapel was a resident of Dillinger, Greene County. The appeal was brought in Washington County.

Section 2 of the Responsibility Act (75 PS §1277.2) provides in subsection (*a*) thereof that:

"The secretary shall administer and enforce the provisions of this act and may make rules and regulations necessary for its administration."

In subsection (*b*), sec. 2, any person aggrieved by any order of the secretary made pursuant to sections 4 to 11 of the act may, within 10 days, file a petition

of appeal to the Dauphin County Common Pleas Court to determine whether such order or act is lawful and reasonable.

Briefly, and generally, sections 4 to 11 provide for suspension for failure to file the required report, security or evidence of insurance, evidence of no liability or adjudication of liability. They also provide for the duration of suspension, impose the act upon persons not holding a license the same as licensed operators, limit the amount of security to be demanded by the secretary, designate the manner in which the security shall be filed and returned and, finally, provide that the report, etc., are not to be evidence in a negligence suit. The action of the secretary in any of the above matters can be reviewed in the Dauphin County court.

The act does not, however, permit an appeal from action of the secretary taken in pursuance of sections 12 and 13, which is the issue in the present case. Section 12 of the act places an obligation on the court or its clerk to notify the secretary of judgments, and section 13 mandatorily directs the secretary to suspend the license and registration.

The Motor Vehicle Safety Responsibility Act is a new act passed in 1945 and amended in 1949 and 1952. In accordance with the authority vested in the legislature, no right of appeal was given from the secretary's suspension in a case of this type because suspension is based upon a certified copy of a judgment entered of record in the common pleas court. This is a common-sense approach. Otherwise, as applied to the present case, Washington or Dauphin County would be reviewing the action of the Common Pleas Court of Fayette County in entering judgment. The operator is not arbitrarily dealt with. Under the provisions of section 16 of the act (75 PS §1277.6), he may apply to the court in which the judgment was rendered and seek

the privilege of paying the judgment in installments. This follows out the legislative intent to maintain in the original court control of its own judgment.

In consideration of the above, we make the following order:

And now, April 20, 1953, it is hereby ordered, adjudged and decreed that the appeal be dismissed at the cost of appellant.